IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 25-CR-00124-TFM |
| | ) |
| TARAS KOSMIRAK | ) |

**PLEA AGREEMENT**

The defendant, **TARAS KOSMIRAK,** represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

**RIGHTS OF THE DEFENDANT**

1. The defendant understands his rights as follows:

   a. To be represented by an attorney;

   b. To plead not guilty;

   c. To have a trial by an impartial jury;

   d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e. To not be compelled to incriminate himself.

**WAIVER OF RIGHTS AND PLEA OF GUILTY**

2. The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Information, charging a violation of Title 18, United States Code, Section 2421, Transportation of an Individual for the Purpose of Prostitution.

3. The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false

1

Rev. 9/2021

statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or

Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that the defendant has discussed this eventuality with the defendant's attorney. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

10. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

11. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not

limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## **PENALTY**

12. The maximum penalty the Court could impose as to Count One of the Information is:

    a. Up to ten (10) years imprisonment;

    b. A fine not to exceed $250,000;

    c. A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. A mandatory special assessment of $100.00;

    e. A mandatory assessment of $5,000 per count under 18 U.S.C. § 3014 if the defendant is determined to be non-indigent;

    f. Such restitution as may be ordered by the Court.

## **SENTENCING**

13. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the

Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

14. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

15. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

16. Both the defendant and the United States are free to allocute fully at the time of sentencing.

17. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## SEX OFFENDER REGISTRATION

18. The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et

seq., he is a sex offender as that term is defined in the Act. The defendant further understands, acknowledges, and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by fine or imprisonment, or both. The defendant further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

**RESTITUTION**

19. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the

Court at sentencing and restitution will include all relevant conduct regardless of whether it relates to the count of conviction.

20. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement. The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full. The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.

## FORFEITURE

21. The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

22. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

(a) Upon request, the defendant will submit a completed Financial Statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful. The defendant further agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. The defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

(b) The defendant will provide a waiver of his privacy protections to expressly authorize the U.S. Attorney's Office to access his credit report and tax information held by the Internal Revenue Service in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

(c) The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

## UNITED STATES' OBLIGATIONS

23. The United States will not bring any additional charges against the defendant related to the facts underlying the Information and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case.

This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

24. The United States will recommend to the Court that the defendant be sentenced to a sentence of time served.

### LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

25. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1) any sentence imposed in excess of the statutory maximum;

        (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

    The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

26. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

27. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

28. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

29. The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

30. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

31. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

                                      Respectfully submitted,
                                      SEAN P. COSTELLO
                                      UNITED STATES ATTORNEY

Date: June 6, 2025                */s/ Kacey Chappelear*
                                      Kacey Chappelear
                                      Assistant United States Attorney
                                      Deputy Chief, Criminal Division

Date: June 6, 2025                */s/ Kasee Heisterhagen*
                                      Kasee Heisterhagen
                                      Assistant United States Attorney
                                      Chief, Criminal Division

    I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Information pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 6/16/2025

                                        TARAS KOSMIRAK
                                        Defendant

    I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Information in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated

herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 6/16/2025

_____
Jeff Deen
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. |
| | ) |
| TARAS KOSMIRAK | ) |

## FACTUAL RESUME

The defendant, **TARAS KOSMIRAK,** admits the allegations in Counts One of the Information.

## ELEMENTS OF THE OFFENSE

**TARAS KOSMIRAK** understands that in order to prove a violation of Title 18, United States Code, Section 2421, as charged in Count One of the Information, the United States must prove:

First:   The Defendant knowingly attempted to transport any individual in interstate commerce; and

Second:  The purpose of the travel was for the individual to engage in prostitution.

## OFFENSE CONDUCT

Defendant, **TARAS KOSMIRAK,** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **TARAS KOSMIRAK's** plea of guilty. The statement of facts does not contain each and every fact known to **TARAS KOSMIRAK** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

1

Rev. 9/2021

M.L. is a Soviet born Russian citizen who has been residing in the United States since approximately 2018. M.L. provided law enforcement with information that she was aware of an individual who manages a human trafficking organization in Brooklyn, New York. During her work with law enforcement, M.L. began communicating with this person to see if they would employ her to work as a sex worker for her. The individual agreed that M.L. could come work for her, and they discussed working conditions, financials, narcotic/alcohol usage, and sex work expectations. The individual explained to M.L. that she would arrange for Taras (later identified as **Taras KOSMIRAK**) to come pick M.L. up and bring her to New York. The individual provided a phone number for **KOSMIRAK**. It was explained that M.L. may have to perform sex acts with **KOSMIRAK** to secure transport to New York. During this time, agents obtained toll records and established that the New York individual and **KOSMIRAK** were in frequent communication.

M.L. then began communicating directly with **KOSMIRAK**. He explained travel information and coordinated a pick-up location. At approximately 1845 on March 14, 2025, **KOSMIRAK** arrived at the pick-up location in Gulf Shores, Alabama. Law enforcement officers apprehended **KOSMIRAK** at the pick-up location. Law enforcement officers allowed **KOSMIRAK** to communicate with his contact in New York, and he sent a text message that said "she's with me" to a contact titled "Beautiful Girls $350" which had the same phone as was associated with the New York organizer.

**KOSMIRAK** was interviewed and admitted that he knew he was picking up M.L. and taking her back to New York to work. Although he initially denied knowing what type of "work" M.L. would engage in, he did say that he was picking her up at the direction of an individual in New York and that individual is known to him to be a madam, or person who runs and operates a

brothel. The content of the recorded phone calls and messages produced by M.L. make it clear that **KOSMIRAK** knew that he was picking M.L. up and transporting her back to New York so that she could work as a prostitute.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: June 11, 2025

/s/ *Kacey Chappelear*
Kacey Chappelear
Assistant United States Attorney

Date: June 2, 2025

/s/ *Kasee Heisterhagen*
Kasee Heisterhagen
Assistant United States Attorney
Chief, Criminal Division

Date: June 16, 2025

**TARAS KOSMIRAK**
Defendant

Date: 6/16/2025

Jeff Deen
Attorney for Defendant

3

Rev. 9/2021